## Rabinowitz v. Miller et al.

*Levinthal & Levinthal,* for plaintiff.

*Charles J. Biddle,* for defendant Philadelphia Saving Fund Society.

FLOOD, J., June 13, 1944.—Plaintiff commenced this action by issuing a writ of foreign attachment against Max Miller, a resident of New York City, naming Philadelphia Saving Fund Society as garnishee, with a clause of summons in assumpsit directed to Philadelphia Saving Fund Society as codefendant. The affidavit of cause of action sets forth that plaintiff is suing defendants jointly or in the alternative; plaintiff is a licensed real estate broker residing in the City of New York; in October 1941, defendant Saving Fund Society, acting through its duly-authorized agent, George L. Hall, submitted to plaintiff in New York for sale premises 920-928 Market Street, Philadelphia, Pa.; it was orally agreed between the parties at Philadelphia, and at New York City, that defendant would

pay plaintiff a certain stipulated commission if plaintiff produced or procured a buyer for said premises for a price satisfactory to defendant Saving Fund Society; in December 1942, plaintiff introduced one Benjamin Swigg to George L. Hall as a prospective buyer; in June 1943, defendant Max Miller was introduced to Hall at plaintiff's office as "a person occasionally employed by plaintiff to represent plaintiff in the business of real estate brokerage"; on the same day plaintiff informed Hall that Swigg was willing to purchase the property for $470,000, provided the vendor would accept terms instead of all cash; the offer was taken under consideration; it was agreed between plaintiff and Hall that, if Swigg accepted, plaintiff or his secretary was to be advised so that details for settlement could be arranged and that if plaintiff could not be reached Hall would consult with defendant Miller for information as to plaintiff's whereabouts, concerning which Miller was aware; defendant Saving Fund Society accepted Swigg's offer to purchase for $470,000 but gave no notice to plaintiff or his secretary and in November 1943 made final settlement with the purchaser for the price of $470,000 and paid defendant Miller the sum of $15,600 as commission for the sale of said property without any authority from the plaintiff; Hall at the time knew plaintiff's whereabouts; the buyer was procured solely through plaintiff's efforts, skill, knowledge, and experience; he has made frequent demands upon both defendants that they or either of them pay over to him the sum of $15,600 as commission earned and due to him but both of them have refused to pay the sum or any part of it.

Max Miller moved to quash this writ upon several grounds. We shall discuss these reasons briefly, since the matter is interlocutory.

1. Defendant Miller claims that there is nothing in this affidavit to show any liability on his part. How-

ever, if we take these averments as true, as we must on these motions, it would appear that he received money which in equity and good conscience belongs to plaintiff: A. L. I. Restatement of Restitution, sec. 126. See also section 133, comment (*a*). Whether the money was received by mistake or as a result of fraud on the part of Miller is immaterial. Under these averments, in either event, he is obligated to make restitution to plaintiff.

2. Defendant Miller also contends that plaintiff cannot recover because he has failed to aver that at the time of the transactions in question he was licenced as a real estate broker as required by the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended by the Act of July 2, 1937, P. L. 2811, 63 PS §432. The averments are not as full as we might like. It is not too clear whether the contract was executed in Philadelphia or New York. However, the important act, performance, did take place in New York, since it was there that plaintiff introduced the purchaser to Hall, agent for defendant Saving Fund Society, and there, too, all negotiations with the purchaser took place until the matter was taken out of plaintiff's hands. The Real Estate Brokers License Act of 1929, as amended, by its terms applies to "any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act". While it applies to nonresident brokers, yet a study of the act brings one to the conclusion that it was intended to cover any transaction occurring in Pennsylvania, no matter where the real estate involved is located, and similarly, it was not to apply to any transaction occurring outside of Pennsylvania, even though the real estate which is the subject matter of the contract was located within the State. The case of Burns v. Gartzman et ux., 139 Pa. Superior Ct. 453 (1939), relied upon by defendant is not in conflict with this

conclusion. On the contrary the court in that case, which was concerned with time and not place, based its decision upon time of performance by plaintiff, i.e., the time of bringing the parties together and consummating the agreement for sale, not the time of delivery of the deeds or completion of other necessary formalities.

3. Defendant Miller claims also that foreign attachment will not lie since the two defendants have not been sued jointly. The Act of June 13, 1836, P. L. 568, sec. 70, 12 PS §3051, provides for forms of process such as are used here only when defendants are sued jointly. In this case, the affidavit avers liability jointly or in the alternative, but sets up facts showing liability in the alternative only. Therefore, under the statute, we have no provision authorizing the procedure adopted.

However, if defendant were to prevail on this point, it would not result in quashing the writ, but only in putting plaintiff to his election to discontinue as to one defendant or the other. If he were to discontinue as to the Saving Fund Society, and then bring a new action against it, the two cases would no doubt be consolidated for trial upon his application. The court should not force him to take this roundabout road to reach the same point where he now stands if it can be avoided.

We think it can be avoided under the doctrine of the case of Williams v. Koslowski et ux., 313 Pa. 219 (1933). There, as here, suit was started against two defendants not jointly liable. The Supreme Court, however, overruled objection to the joinder on the ground that the suit against the two defendants was permissible under the Scire Facias Acts of April 10, 1929, P. L. 479, and April 24, 1931, P. L. 56. The court held that under these acts the legal policy against suing severally liable defendants had been abrogated,

even though the acts say nothing about the joinder of such defendants originally. The defendants in the case at bar are in the same situation today under Pa. R. C. P. 2229(b). The motion will be overruled.

In view of our conclusions above set forth, we are of the opinion that the new averments of the proposed supplemental affidavit do not add a new cause of action. It may therefore be filed.